

# HARVARD UNIVERSITY

The Robert Wood Johnson
Scholars in Health Policy Research Program

**FILED**
MAY 1 1 2012
CLERK
U.S. BANKRUPTCY COURT
By _____
DEPUTY CLERK

May 2, 2012

District of Alaska
Historic Courthouse
605 W. 4th Avenue, Suite 138
Anchorage, AK, 99501-2296

To whom it may concern,

We are a doctoral candidate in economics and a post-doctoral researcher in health policy at Harvard University requesting a PACER fee waiver for academic research.

We are conducting dissertation research on bankruptcy, and we require the use of court documents on the bankruptcy proceedings for a data set of hundreds of public corporations and thousands of individuals. From the District of Alaska, our research requires summary data (name, address, and date of filing) for all individual and business filings of Chapter 11, 7, and 13 for all cases available on PACER. In addition, we require access to a subset of documents (petition, schedules, disclosure statement, and plan) for less than 50 public company Chapter 11 and 7 cases in the district and a number of individual cases.

The large number of firms and individuals in our dataset make the costs of obtaining all of the documents necessary for our research at the usual PACER access fee of $0.10 per page prohibitive for us as students with limited research budgets, and these fees would greatly hinder our ability to conduct thorough and rigorous research. Furthermore, a fee waiver would promote public access to court information as publications resulting from access to these documents would be available to the public and increase public awareness of data availability and promote better understanding of the impact of bankruptcy on firms, employees, and individuals.

Per the PACER guidelines (http://pacer.psc.uscourts.gov/faq.html#GP18), a court may exempt persons from the electronic public access fees "in order to avoid unreasonable burdens and to promote public access to such information." Consistent with Judicial Conference policy, courts may exempt individual researchers associated with educational institutions from payment of these fees. We believe that the necessity of obtaining the court documents for hundreds of bankruptcy proceedings represents an unreasonable burden for students conducting dissertation research and that such research would promote public access to court information. Furthermore, several district bankruptcy courts have agreed to grant us such fee waivers per the guidelines above. If granted a fee waiver, we will restrict PACER activity to evenings and weekends outside of working hours so not to disrupt court business.

We request a fee waiver for the period from May 2012 to May 2014 to ensure adequate time for the completion of our research. If an exemption is granted, we agree not to sell for profit any data obtained from PACER or to share it with any legal professionals or other persons who stand to financially gain from such data.

If such a waiver is deemed appropriate, please notify the PACER service center to grant a waiver of access fees for your district for account number **nm2287**. In addition, please send an electronic or paper copy of the waiver to Neale Mahoney at the email address or address below.

**PACER Service Center**
P.O. Box 780549
San Antonio, TX 78278
(800) 676-6856
(210) 301-6440

Sincerely,

Neale Mahoney
Post-doctoral student in health policy
1730 Cambridge Street, S410
Cambridge, MA 02138
(413) 575-6931
nmahoney@rwj.harvard.edu

Paul Goldsmith-Pinkham
Doctoral candidate in economics
NBER
1050 Massachusetts Avenue
Cambridge, MA 02138
(718) 673-0018
pgoldsm@fas.harvard.edu